Order, Supreme Court, New York County (Debra A. James, J.), entered August 7, 2012, which denied plaintiffs motion for summary judgment, and granted defendants’ motions for summary judgment dismissing the complaint, affirmed, without costs.
Plaintiff seeks damages for injuries sustained when he tripped and fell on a sidewalk located in front of a condominium building owned by defendant Galleiy House Condominium. The court properly dismissed the action against defendant East West Manhattan Portfolio L.E, the owner of the first floor commercial unit, because it is not an “owner” within the meaning of Administrative Code of the City of New York § 7-210 and owed no other duty to maintain the sidewalk (see Araujo v Mercer Sq. Owners Corp., 95 AD3d 624, 624 [1st Dept 2012]). Moreover, the condominium declaration and bylaws limit the commercial unit owner’s interest to the interior of the building and place responsibility for the common elements with the condominium’s board, which maintained the sidewalk.
The court also properly found that the alleged defect — a three-quarter-inch expansion joint, which was not filled to grade level, coupled with a one-fourth-inch height differential between slabs — was “trivial” and therefore nonactionable as a matter of law (Trincere v County of Suffolk, 90 NY2d 976 [1997]). Unlike in Young v City of New York (250 AD2d 383 [1st Dept 1998]), the defect here is not alleged to have run along the full width of the sidewalk.
Plaintiff fails to support its claim that statutorily-defined substantial defects exist and fails to raise a triable issue as to the existence of an actionable defect. Plaintiffs expert’s opinion *477 that the expansion joint’s width exceeded Department of Transportation (DOT) specifications relies on a specification that applies to construction. Given the absence of any evidence that the sidewalk, which was constructed more than five years before the expert’s inspection, was constructed with this defect, the DOT specification cannot serve as the basis for imposing liability. Further, while plaintiff maintains that the failure to fill the expansion joint grade constitutes a violation of a DOT specification, he fails to identify the DOT specification claimed to have been violated by this failure. Concur — Tom, J.P., Friedman and Freedman, JJ.